# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTIAN THOMAS** : | |
| Petitioner, : | |
| : | CIVIL ACTION NO. 16-5008 |
| v. : | |
| : | |
| **SUPT. THOMAS MCGINLEY,** *et al.* : | |
| Respondents. : | |
| : | |

## MEMORANDUM OPINION

**Rufe, J.**                                                                                                                                  **January 30, 2018**

      Petitioner, proceeding *pro se*, objects to the Report and Recommendation ("R&R") of Magistrate Judge Timothy R. Rice, which recommends that the Court deny the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Upon consideration of the record and of the objections in this case, the Court will overrule the objections and approve the R&R.

      The R&R carefully evaluated each of Petitioner's claims and reasonably concluded that the decisions of the state courts did not violate the Constitution or contradict Supreme Court precedent. Petitioner has objected to the R&R, arguing that his revised sentence violates the Cruel and Unusual Punishment Clause of the Eighth Amendment to the United States Constitution, and that his counsel was ineffective at his October 2013 resentencing. Petitioner also requests an evidentiary hearing and the appointment of counsel. Petitioner's objections are without merit and, therefore, will be dismissed with prejudice and without a hearing.

### I.    BACKGROUND

      The R&R set forth the procedural history of Petitioner's state criminal case, and will be incorporated by reference here, as it accurately stated the facts as determined by the state trial court. The Court adopts these sections of the R&R and summarizes them here to provide the

relevant context. In 2003, Petitioner pleaded guilty to a series of burglaries, robberies, and rapes, which he committed between the ages of fourteen and fifteen. That same year, the trial court sentenced Petitioner to 65 to 150 years' incarceration. In 2010, the United States Supreme Court decided *Graham v. Florida*,[1] which held that imposing sentences of life in prison without the possibility of parole on juvenile offenders was unconstitutional. In accordance with *Graham*, Petitioner was resentenced to 40 to 80 years' incarceration. Petitioner challenged his revised sentence and his counsel's representation at the resentencing, but his appeals and subsequent PCRA petition were unsuccessful.

## II. LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996[2] ("AEDPA") governs habeas petitions, like the one before this Court. Under the AEDPA, "a district court shall entertain an application for writ of habeas corpus [filed on] behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or the laws or treaties of the United States."[3] Where the habeas petition is referred to a magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), a district court shall conduct a *de novo* review of "those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[4]

---

[1] 560 U.S. 48 (2010).

[2] 28 U.S.C. § 2254.

[3] 28 U.S.C. § 2254(a).

[4] 28 U.S.C. § 636(b)(1).

When the claims presented in a federal habeas petition have been decided on the merits in state court, a district court may not grant relief unless the adjudication of the claim in state court resulted in a decision: (1) "that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[5]

A state court's decision is "contrary to . . . clearly established" federal law where the state court applies a rule of law that differs from the governing rule set forth in Supreme Court precedent, or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the] Supreme Court and nevertheless arrives at a result different from its precedent."[6] A decision is an "unreasonable application" of clearly established law where the state court "identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case."[7] The "unreasonable application" clause requires more than an incorrect or erroneous state court decision.[8] Instead, the application of clearly established law must be "objectively unreasonable."[9]

A petitioner faces a high hurdle in challenging the factual basis for a prior state-court decision rejecting a claim. The prisoner bears the burden of rebutting the state court's factual findings by clear and convincing evidence.[10] Furthermore, "a state-court factual determination is

---

[5] 28 U.S.C. § 2254(d).

[6] *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)).

[7] *Id.* at 75 (quoting *Williams*, 529 U.S. at 413).

[8] *Id.*

[9] *Id.*

[10] *Burt v. Titlow*, 134 S. Ct. 10, 15 (2013) (internal quotations and citations omitted).

3

not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance."[11]

### III. DISCUSSION

#### A. *Constitutionality of Sentence*

Petitioner argues that his revised sentence continues to violate the Eighth Amendment because he has no right to parole upon completion of the minimum term of 40 years and his true sentence is the maximum term of 80 years.

The Eighth Amendment prohibits the infliction of "cruel and unusual punishment."[12] In *Graham v. Florida*, the Supreme Court held that it was unconstitutional and violative of the Eighth Amendment to sentence a juvenile offender who did not commit a homicide to life in prison without the possibility of parole.[13] The Court emphasized, however, that states are "not required to guarantee eventual freedom to a juvenile offender convicted of a nonhomicide crime."[14] Instead, states must give juvenile offenders "some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation."[15] Thus, "[t]he Eighth Amendment does not foreclose the possibility that persons convicted of nonhomicide crimes committed before adulthood will remain behind bars for life. It does prohibit States from making the judgment at the outset that those offenders will never be fit to reenter society."[16]

Petitioner in this case argues that his revised sentence violates the Eighth Amendment and the holding in *Graham* because he has no guaranteed right to parole upon completion of his

---

[11] *Id.* (internal quotation marks and citation omitted).

[12] U.S. Const., amend. VIII.

[13] 560 U.S. 48, 82 (2010).

[14] *Id.* at 75.

[15] *Id.*

[16] *Id.*

4

minimum term of 40 years. Instead, Petitioner asserts that his actual sentence is the maximum term of 80 years. Petitioner raised this issue while his case was before the state courts, which determined that Petitioner's revised sentence was constitutional because it afforded him a meaningful opportunity to obtain release. In fact, courts have noted that "[w]hen a term-of-years sentence includes the possibility of parole . . . [there is] no *Graham* violation if the defendant becomes eligible for parole within his or her expected lifetime."[17] Conversely, courts have held that where, under a term-of-years sentence, an inmate's parole eligibility occurs close to or exceeds a petitioner's life expectancy, the sentence violates *Graham*.[18]

The R&R correctly noted that Petitioner will become eligible for parole after serving 40 years of his sentence,[19] and at that point he will be approximately 54-55 years old. His life expectancy is about 77.8 years, leaving Petitioner with an additional 23-24 years after he becomes eligible for parole during which he will have an opportunity to demonstrate that he is fit to reenter society.[20] In the resentencing, the trial court considered Petitioner's demonstrated maturity and rehabilitation in prison thus far in fashioning a significantly reduced term of

---

[17] *See Springer v. Dooley*, 2015 WL 6550876, at *7-8 (D.S.D. Oct. 28, 2015) (stating that a 261-year sentence was not unconstitutional where the petitioner would be eligible for parole after serving thirty-three years); *see also Shivers v. Kerestes*, 2013 WL 1311142, at *3 (E.D. Pa. Apr. 2, 2013) (reasoning that sentence did not violate *Graham* where petitioner was eligible for parole after serving minimum term of thirty-five years); *Angel v. Commonwealth*, 704 S.E.2d 386, 402 (Va. 2011) (finding no *Graham* violation where the petitioner could request conditional release at age sixty).

[18] *See People v. Caballero*, 282 P.3d 291, 295 (Cal. 2012) (reasoning that a 110-year sentence amounts to a de facto life sentence where an inmate's parole eligibility date falls outside of the inmate's life expectancy); *see also Floyd v. State*, 87 So.3d 45, 46-47 (Fla. Dist. Ct. App. 2012) (reasoning that inmate received a de facto life sentence where he would not be eligible for parole until age eighty-five).

[19] *See* 61 Pa. Cons. Stat. Ann. § 6137(a)(3); *see also Rogers v. Pa. Bd. Prob. & Parole*, 724 A.2d 319, 321 n.2 (Pa. 1999).

[20] Furthermore, there is no evidence that Petitioner has been or will be denied a pre-condition of release, or that he is facing a systematic denial of his parole applications despite demonstrated rehabilitation. *See Greiman v. Hodges*, 79 F. Supp. 3d 933, 942-43 (S.D. Iowa 2015) (holding that denying juvenile offender a pre-condition of release did not provide offender with a meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation); *see also Hayden v. Keller*, 134 F. Supp. 3d 1000, 1009-10 (E.D.N.C. 2015) (holding that repeatedly neglecting to consider juvenile status of offender did not present a meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation).

imprisonment. Although Petitioner's maximum sentence is 80 years, the R&R reasonably concluded that Petitioner's eligibility for parole after serving 40 years of his sentence allows him a "meaningful opportunity to obtain release from prison based on [his] demonstrated maturity and rehabilitation."[21] Petitioner's Eighth Amendment claim is without merit.

### B. Ineffective Assistance of Counsel

Petitioner also contends that his resentencing counsel was ineffective for failing to request a presentence investigation ("PSI") or present mitigating testimony from his sister and his preschool teacher during the resentencing hearing.

The Sixth Amendment guarantees the effective assistance of counsel "at critical stages of a criminal proceeding,"[22] including resentencing. Ineffective assistance of counsel claims are evaluated pursuant to the two-prong test established by the Supreme Court in *Strickland v. Washington*.[23] Under *Strickland*, counsel is presumed to have acted reasonably and effectively unless a petitioner demonstrates that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the petitioner.[24] To establish deficiency, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness."[25] To demonstrate prejudice, "the petitioner must show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"[26] For example, "[a]n attorney cannot be ineffective for failing to raise a claim that lacks merit," because in such cases, the attorney's performance is not deficient, and would not have affected

---

[21] *Graham*, 560 U.S. at 75.

[22] *Lee v. United States*, 137 S. Ct. 1958, 1964 (2017) (quoting *Lafler v. Cooper*, 566 U.S. 156, 165 (2012)).

[23] 466 U.S. 668 (1984).

[24] *Id.* at 687, 690.

[25] *Porter v. McCollum*, 558 U.S. 30, 38 (2009) (quoting *Strickland*, 466 U.S. at 688) (internal quotation marks omitted).

[26] *Albrecht v. Horn*, 485 F.3d 103, 127 (2007) (quoting *Strickland*, 466 U.S. at 694).

the outcome of the proceeding.[27] In evaluating the Pennsylvania courts' treatment of ineffectiveness claims, the Court must determine whether the state courts' "application of *Strickland* to [petitioner's] ineffectiveness claim was objectively unreasonable [and] . . . resulted in an outcome that cannot reasonably be justified under *Strickland*."[28]

Petitioner argues that his resentencing counsel was ineffective for failing to request a PSI or present mitigating testimony from his sister and preschool teacher. After careful consideration of the state court record, the R&R correctly concluded that Petitioner's ineffectiveness claim is meritless. As the R&R explained, before the resentencing, counsel met with Petitioner and discussed why he was being resentenced, what he had been doing in prison, and what type of information they could introduce at the resentencing hearing to support a reduced sentence. Counsel also reviewed the prior PSI with Petitioner and they discussed the possibility of having an updated PSI done prior to the resentencing hearing.[29] Rather than wait for an updated PSI, Petitioner requested immediate resentencing.[30] Counsel also met with Petitioner the day before the resentencing, at which time Petitioner again emphasized that he wanted to be resentenced immediately.[31]

At the resentencing hearing, Petitioner's counsel apprised the trial court of Petitioner's numerous educational accomplishments, including receipt of his high school diploma, and certification in vocational skills such as construction, plumbing, and painting.[32] Additionally, Petitioner testified on his own behalf, emphasizing his work with troubled youths, his ongoing

---

[27] *Singletary v. Blaine*, 89 F. App'x 790, 794 (3d Cir. 2004).

[28] *Werts v. Vaughn*, 228 F.3d 178, 204 (3d Cir. 2000).

[29] R&R at 7.

[30] *Id.*

[31] *Id.* at 7-8.

[32] *Id.* at 2.

7

communication with a mentor, his educational accomplishments, and his participation in counseling.[33] The trial court considered this evidence and imposed a "more lenient sentence than originally contemplated" of 40 to 80 years' incarceration.[34]

Petitioner appealed the revised sentence in a PCRA petition, raising the same ineffectiveness claim regarding counsel's failure to introduce an updated PSI and to call his sister and preschool teacher to testify during the resentencing hearing. The trial court allowed Petitioner to present this additional evidence at an evidentiary hearing. During the evidentiary hearing, Petitioner's sister explained that Petitioner had changed since being imprisoned, had completed high school, and had become more patient. Petitioner's preschool teacher testified that she had remained in contact with Petitioner during his imprisonment, and had learned of his educational and charitable achievements. Despite this testimony, the trial court denied Petitioner's PCRA petition. The Pennsylvania Superior Court affirmed, finding that Petitioner "failed to prove how the testimony of his former teacher and his sister, an exhibit displaying his educational achievements, or a new presentence report would have augmented [the evidence presented during the resentencing] and resulted in a lower sentence."[35]

Applying *Strickland*, the R&R correctly concluded that Petitioner has failed to meet his burden of demonstrating that counsel's performance at the resentencing hearing was deficient and that it prejudiced Petitioner's defense. As the Superior Court articulated, the trial court considered counsel's arguments and evidence presented at the resentencing hearing, and presided over many of Petitioner's numerous motions, petitions, and hearings, including his original sentence in 2003, "observ[ing] [Petitioner's] maturation first hand," and considering Petitioner's

---

[33] *Id.* at 8.

[34] *Id.* at 9 (internal quotation marks and citations omitted).

[35] *Id.* (internal quotation marks and citations omitted).

various successes over the course of his incarceration.[36] The trial court considered this evidence in issuing the revised sentence, and explained that the revised sentence would leave open the possibility that Petitioner could later be paroled after completing the minimum term of 40 years' imprisonment. This Court agrees with the R&R that Petitioner has not presented evidence sufficient to demonstrate that counsel's performance was deficient, or that any allegedly deficient performance affected the outcome of his resentencing.

### C. Evidentiary Hearing

This Court has the discretion to grant an evidentiary hearing where it would be meaningful.[37] A petitioner bears the burden of showing that a new hearing would be meaningful by establishing the existence of new evidence, beyond what is already contained in the record, that would help advance his claims.[38]

Petitioner asserts that he is entitled to an evidentiary hearing on his claims. However, the precise issues raised have been the subject of an evidentiary hearing before the PCRA court, and Petitioner has not identified new evidence beyond the record evidence, nor has he demonstrated how a new evidentiary hearing would advance his claims. Consequently, the R&R reasonably concluded that Petitioner's request for an evidentiary hearing should be denied.[39]

### D. Appointment of Counsel

The Court may appoint counsel for a habeas petitioner when "the interests of justice so require."[40] The Court should consider whether a petitioner has presented a non-frivolous claim,

---

[36] *Id.* (internal quotation marks and citation omitted).

[37] *See Campbell v. Vaughn*, 209 F.3d 280, 287 (3d Cir. 2000).

[38] *Id.* (internal citation omitted).

[39] R&R at 10 (reasoning that Petitioner "fail[ed] to explain or show what type of new evidence he would produce during an evidentiary hearing to meaningfully advance these claims").

[40] 18 U.S.C. § 3006A(a)(2)(B).

9

whether the appointment of counsel would benefit the petitioner and the court, the complexity of the factual and legal issues, and the petitioner's ability to investigate the facts and present claims.[41] The R&R recommended denying the appointment of counsel because the factual issues in the instant matter are well-developed, Petitioner has comprehended the issues in this case and fulfilled the procedural requirements therein, and Petitioner's revised sentence is constitutional under the Eighth Amendment and *Graham*.[42] Thus, the Court adopts the recommendation of the R&R. The interests of justice do not warrant the appointment of counsel.

## IV. CONCLUSION

In conclusion, Petitioner's Objections to the R&R are overruled. Because Petitioner has not made a "substantial showing of the denial of a constitutional right,"[43] a certificate of appealability should not issue. There is no basis to conclude that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[44] An appropriate order follows.

---

[41] *See Reese v. Fulcomer*, 946 F.2d 247, 263-64 (3d Cir. 1991), *superseded on other grounds by statute*, 28 U.S.C. § 2254.

[42] R&R at 11.

[43] *See* 28 U.S.C. § 2253(c)(2).

[44] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation omitted).